**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DRAMANE DIARRA,<br><br>Petitioner,<br><br>v.<br><br>IMMIGRATIONS AND CUSTOMS ENFORCEMENT, et al.<br><br>Respondents. | CIVIL ACTION NO. 3:26-CV-01885<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

*Pro se* Petitioner Dramane Diarra ("Diarra"), a citizen of Mali, brings this petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). On July 7, 2026, Diarra filed the instant petition and accompanying brief in support requesting that Respondents Craig Lowe and Immigrations and Customs Enforcement ("ICE") (together, "Respondents") release him from custody at the Pike County Correctional Facility because they have detained him for over a year with no credible plan for removal. (Doc. 1, at 15; Doc. 2, at 4-11). For the following reasons, Diarra's petition (Doc. 1) will be **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The following background is derived from Diarra's petition, Diarra's brief in support, the government's response, and the exhibits thereto. (Doc. 1; Doc. 2; Doc. 8). Diarra entered the United States near the San Clamente, California, boarder station in September 2022 and ICE paroled him into the country on September 29, 2022. (Doc. 8-2, at 3). On June 23, 2025, ICE detained Diarra after he attended an ICE check-in appointment and initially detained him in the Western District of Pennsylvania. (Doc. 8-2, at 3; Doc. 8-7).

On May 4, 2026, before Diarra filed the instant petition, Judge Stephanie L. Haines of the Western District of Pennsylvania granted a habeas petition Diarra filed while he was confined in the Western District of Pennsylvania. (Doc. 8-7). Judge Haines determined that Diarra could only be detained pursuant to 8 U.S.C. § 1226(a) and is entitled to a bond hearing. (Doc. 8-7, at 2-3). Judge Haines ordered a bond hearing which Immigration Judge Dennis Ryan held on May 13, 2026. (Doc. 8, at 3; Doc. 8-8). Judge Ryan determined that Diarra was a flight risk and denied bond. (Doc. 8, at 3; Doc. 8-8).

## II. Legal Standard

28 U.S.C. § 2241 governs district courts' power to grant the writ of habeas corpus. Under 28 U.S.C. § 2241(b), the writ of habeas corpus extends to petitioners "in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States." Claims where non-citizens challenge immigration enforcement-related detention "fall within the 'core' of the writ of habeas corpus and thus must be brought in habeas." *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (quoting *Nance v. Ward*, 597 U.S. 159, 167 (2022)). "For 'core habeas petitions,' 'jurisdiction lies in only one district: the district of confinement.'" *J. G. G.*, 604 U.S. at 672. While reviewing a noncitizen's habeas petition, courts evaluate whether the government complied with regulatory, statutory, and constitutional protections for noncitizens. *See Martinez v. McAleenan*, 385 F. Supp. 3d 349 (S.D.N.Y. 2019) (finding ICE failed to comply with regulatory and constitutional notice requirements prior to detaining a non-citizen petitioner and granting the petitioner's habeas petition). A court may order a bond hearing or release if the Court determines that a noncitizen habeas petitioner is entitled to such relief under relevant constitutional or statutory protections. *See A.L. v. Oddo*, 761 F. Supp. 3d 822, 827 (W.D. Pa.

2025) (finding that a noncitizen habeas petitioner was entitled to a bond hearing under the due process clause of the Fifth Amendment); *see Cantu-Cortes v. O'Neill*, No. 25-cv-6338, 2025 WL 3171639, at *2 (E.D. Pa. Nov. 13, 2025) (finding a habeas petitioner was entitled to a bond hearing under relevant statutory protections); *see also Kashranov v. Jamison*, No. 2:25-CV-05555-JDW, 2025 WL 3188399, at *8 (E.D. Pa. Nov. 14, 2025) (finding that the appropriate remedy when the government detains a petitioner under an inapplicable statute, violating due process, is release from custody).

## III. DISCUSSION

Diarra alleges that Respondents violated his statutory and Fifth Amendment due process rights as interpreted by *Zadvydas v. Davis*, 533 U.S. 678 (2001) by detaining him for over a year with no credible plan for removal. (Doc. 2, at 4-11). According to the government, the Court should dismiss this action because Diarra "already litigated a substantially identical case in the Western District of Pennsylvania." (Doc. 8, at 4). The government argues that the petition is subject to dismissal under the "abuse of writ doctrine because [Diarra] attempts to relitigate here in the Middle District of Pennsylvania the exact same issues already (and very recently) addressed in the Western District of Pennsylvania." (Doc. 8, at 5).

28 U.S.C. § 2254 and 28 U.S.C. § 2255 bar habeas petitioners  from brining successive petitions challenging state and federal criminal convictions but such bars do not apply to immigration detention. *See Zayas v. I.N.S.*, 311 F.3d 247, 256 (3d Cir. 2002) (noting that § 2254 limits petitioners' ability to repeatedly challenge state convictions and § 2255 limits petitioners' ability to challenge federal convictions but the provisions limiting repeat petitions only apply to criminal detention). However, the Third Circuit has found that "the abuse of the writ doctrine as set forth by the Supreme Court in *McCleskey v. Zant*, 499 U.S. 467, 491–

92 (1991)" applies to immigration petitions. *Abdel-Whab v. Sec'y of Dep't of Homeland Sec.*, 132 F. App'x 988, 990 (3d Cir. 2005).

"The doctrine of abuse of the writ defines the circumstances in which federal courts decline to entertain a claim presented for the first time in a second or subsequent petition for a writ of habeas corpus." *McCleskey*, 499 U.S. at 470. A successive immigration habeas petition, "which raises grounds identical to those raised and rejected on the merits, need not be entertained." *Esogbue v. Holmes*, 142 F. App'x 98, 100 (3d Cir. 2005) (citing *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986)). When a petitioner fails to indicate any new claims or provide an explanation for failing to raise such issues in his first habeas petition, a successive § 2241 petition is properly dismissed as an abuse of the writ. *Abdel-Whab*, 132 Fed. App'x at 990 (citing *Zayas*, 311 F.3d at 258).

Looking to Judge Haines's decision, the Court disagrees with the government's assertion that Judge Haines decided the same issues before the Court. (Doc. 8, at 4-6). Judge Haines evaluated whether the government may subject Diarra to mandatory detention under 8 U.S.C. § 1225(b), determined that it could not, and found that Diarra could only be detained pursuant to 8 U.S.C. § 1226(a). (Doc. 8-7, at 2-3). Judge Haines further found that because Diarra can only be detained pursuant to 8 U.S.C. § 1226(a), he is entitled to a bond hearing and ordered one. (Doc. 8-7, at 2-3). The issue raised in Diarra's instant petition, however, is not whether Diarra is detained under the right statute but whether his prolonged detention violates his rights as articulated by the Supreme Court in *Zadvydas*. (Doc. 2, at 4-11).

Nonetheless, the fact that Judge Haines ordered a bond hearing and that Diarra received a bond hearing limits the Court's ability to provide further relief. (Doc. 8-7; Doc. 8-8). Although Diarra brings his prolonged detention challenge under *Zadvydas*, Diarra is not

subject to a final order of removal because he has pending appeal before the Board of Immigration Appeals ("BIA"). (Doc. 2, at 4; Doc. 8-6); *see Mockshell v. Alexander Cabezas*, No. CV 26-3504, 2026 WL 1213395, at *1 (D.N.J. May 4, 2026) (finding that a petitioner was not subject to a final order of removal where they had a pending appeal before the BIA); *see also McDonald v. Lowe*, No. 3:17-CV-51, 2017 WL 722598, at *2 (M.D. Pa. Feb. 23, 2017) (noting the same where the petitioner had an appeal pending before the Third Circuit). Courts only apply the *Zadvydas* standard where a petitioner is subject to a final order of removal. *See Contant v. Holder*, 352 F. App'x 692, 694 (3d Cir. 2009) (nonprecedential) (declining to apply the *Zadvydas* standard because "*Zadvydas* concerned the prolonged detention of aliens subject to a final order of removal" and the petitioner was not subject to a final order of removal); *see also Sanchez Gomez v. Sage*, No. 3:26CV1031, 2026 WL 1786762, at *3 (M.D. Pa. June 22, 2026) (noting that the *Zadvydas* standard "applies only to individuals detained pursuant to a final order of removal").

Petitioners detained after residing in the United States for an extended period and not subject to a final order of removal generally have two potential remedies. First, such a petitioner may challenge the government's efforts to subject them to mandatory detention because unless they are convicted of certain crimes, courts in this circuit have found that 8 U.S.C. § 1226(a) entitles them to a bond hearing. *See Cantu-Cortes v. O'Neill*, No. 25-CV-6338, 2025 WL 3171639 at 1-2 (E.D. Pa. Nov. 13, 2025); *see also Kashranov*, 2025 WL 3188399 at 5; *see also Del Cid v. Bondi*, No. 3:25-CV-00304, 2025 WL 2985150 at 14-17 (W.D. Pa. Oct. 23, 2025); *see also Bethancourt Soto v. Soto*, No. 25-CV-16200, 2025 WL 2976572 at 4-7 (D.N.J. Oct. 22, 2025). This was the basis of Judge Haines's initial bond hearing order. (Doc. 8-7, at 2-3).

Second, petitioners subject to a nonfinal order of removal may also challenge the length of their detention based on the factors articulated by Third Circuit in *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 211 (3d Cir. 2020). *See Tchouala v. Lowe*, No. 3:26CV887, 2026 WL 1401765, at *3 (M.D. Pa. May 19, 2026) (applying the *German Santos* standard); *see also Rahmatov v. Lowe*, No. 3:26-CV-553, 2026 WL 837974, at *1 (M.D. Pa. Mar. 26, 2026) (same); *see also Perez-Espinosa v. Hoover*, No. 3:26-CV-01650, 2026 WL 1894517, at *3 (M.D. Pa. July 1, 2026) (same). The remedy under *German Santos* is not release; it is the court ordering an individualized bond hearing in which an immigration judge or the presiding judge determines whether release on bond is warranted based on a flight risk or danger to the community. *See Tchouala*, 2026 WL 1401765, at *3 (ordering a bond hearing); *see also Rahmatov*, 2026 WL 837974, at *1 (same); *see also Perez-Espinosa*, 2026 WL 1894517, at *3 (same). Courts generally apply *German Santos* to petitioners convicted of certain crimes and subject to detention under 8 U.S.C. § 1226(c) because the remedy is a bond hearing and petitioners subject to detention under § 1226(a) are already entitled to bond hearings. *See Tchouala*, 2026 WL 1401765, at *3 (applying *German Santos* to a petitioner detained under § 1226(c) and ordering a bond hearing); *see also Rahmatov*, 2026 WL 837974, at *1 (same); *see also See Cantu-Cortes v*, 2025 WL 3171639 at 1-2 (finding that noncitizens subject to detention under § 1226(a) are entitled to a bond hearing); *see also Kashranov*, 2025 WL 3188399 at 5 (same).

Judge Haines already ordered a bond hearing and at that hearing, Judge Ryan denied bond because of a perceived flight risk. (Doc. 8, at 4-6; Doc. 8-7; Doc. 8-8). Courts in this circuit have found that where a petitioner entitled to receive a bond hearing, receives one, and is adjudicated to be a flight risk or danger, the Court cannot provide further relief absent a

challenge to the constitutional adequacy of the bond hearing. *See Gonzalez Melendez v. Mullin*, No. 3:26CV1490, 2026 WL 1990444, at *2 (M.D. Pa. July 9, 2026) (denying a petition for release where the petitioner already received the bond hearing he was entitled to and did not allege a "constitutional defect in the bond hearing he received"); *see also Frantz C. v. Shanahan*, No. CV 18-2043, 2018 WL 3302998, at *2 (D.N.J. July 5, 2018) (stating "[a] petitioner who has already received a bond hearing may therefore only challenge the denial of release on bond by showing that the bond hearing he received was not bona fide–*i.e.*, that it was somehow improperly conducted in violation of Due Process or some other binding legal authority"); *see also Colon-Pena v. Rodriguez*, No. CV 17-10460, 2018 WL 1327110, at *2 (D.N.J. Mar. 15, 2018) (stating "[t]his Court is aware of no caselaw in this circuit which suggests that an alien who has already received a bond hearing under 8 U.S.C. § 1226(a) is entitled to release or a new bond hearing absent a showing that he was denied Due Process at his bond hearing or that his bond hearing was otherwise unlawfully conducted"). Diarra does not challenge the constitutionality of how Judge Ryan conducted his bond hearing. *See* (Doc. 1; Doc. 2). Accordingly, absent allegations that his bond hearing was constitutionally deficient, the Court cannot grant Diarra any relief. *See Gonzalez Melendez*, 2026 WL 1990444, at *2; *see also Frantz C.*, 2018 WL 3302998, at *2; *see also Colon-Pena*, 2018 WL 1327110, at *2. As such, the Court **DENIES** Diarra's petition. (Doc. 1). Given Diarra's *pro se* status, however, the Court's denial is **without prejudice** to Diarra's ability to reopen this matter to challenge the constitutionality of his bond hearing.

## IV. CONCLUSION

For the foregoing reasons Diarra's petition is **DENIED without prejudice** to his ability to reopen this matter to challenge the constitutionality of the bond hearing he received. (Doc. 1). The Clerk of Court is directed to close this matter.

An appropriate Order follows.

**BY THE COURT:**

**Dated: August 6, 2026**

*/s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**